IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 10-30778 |
| | § | |
| ORGANIC FUELS LTD, | § | |
| | § | (Involuntary Chapter 7) |
| Debtor. | § | |

**PETITIONING CREDITORS' RESPONSE TO ORGANIC FUELS, LTD.'S
ORIGINAL ANSWER TO INVOLUNTARY PETITION
AND REQUEST FOR HEARING**

Vopak Terminal Deer Park, Inc. ("Vopak Deer Park"), Vopak Terminal Galena Park, Inc. ("Vopak Galena Park"), Tankco Services of Texas Corp. ("Tankco"), Bay Area Industrial Contractors, Ltd. ("BAIC"), and Neal Construction Company, Inc. ("Neal"; collectively, the "Petitioning Creditors") hereby file their Response to Organic Fuels, Ltd.'s Original Answer to Involuntary Petition and Request for Hearing (the "Response"), and in support thereof, state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

**INTRODUCTION**

2. The Petitioning Creditors file this Response and ask for entry of the Order for Relief upon the admissions of Organic Fuels, Ltd. ("OFL") in its Original Answer to Involuntary Petition and Request for Hearing (the "Answer"). Because it is materially uncontested that (i) the Petitioning Creditors plainly qualify to be petitioning creditors under section 303(b) of the Bankruptcy Code in amounts sufficient to prosecute the involuntary case and (ii) there is no contravention of OFL's failure or refusal to pay its debts as they generally come due since

shutting down operations in early 2009, it is proper that an Order for Relief in this involuntary chapter 7 case be entered at this time.

## BACKGROUND

3.     On January 29, 2010 (the "Petition Date"), the Petitioning Creditors filed the Involuntary Petition against OFL in the United States District Court for the Southern District of Texas, Houston Division [Docket No. 1].  Service of the Involuntary Petition and Summons was made on OFL and its general partner, Organic Fuels GP, LLC on February 1, 2010 [Docket No. 2].

4.     As of the Petition Date, the Petitioning Creditors collectively were owed in excess of $1.3 million by OFL for services rendered or under contracts which have or remain unperformed and in breach.  In particular, OFL owes Vopak Galena Park over $1 million in terminal and lease services for the right to use its storage tanks.  The obligations to Vopak Galena Park continue to accrue under a contract that remains in default at the rate of approximately $220,000 per month, none of which is being paid or for which payment has been offered.

5.     OFL essentially shut down operations in early 2009, and has not paid its creditors for many months.  Unfortunately, the circumstances in its business render operations uneconomic.  OFL filed its Answer on February 22, 2010 [Docket No. 13].  The Answer generally (i) references that certain unspecified credits had not been applied to the ever growing account owed by OFL to Vopak Galena Park, and (ii) states that by the Involuntary Petition the actual amount stated to be due BAIC was not specified.  However, the Answer does not contest that (i) Vopak Galena Park is owed substantial amounts, and (ii) BAIC is owed something.  *See* Answer, ¶ 1.  Read most generously to OFL, OFL simply alleges that Vopak Galena Park's

claim does not match the exact amount undisputedly shown as owing on OFL's books and records. *Id.* Indeed, OFL has previously provided an accounts payable listing showing that OFL admits owing sizable amounts to Vopak Galena Park and BAIC, and many other creditors as well.

## PETITIONING CREDITORS' RESPONSE

6. Vopak Galena Park and BAIC are proper petitioning creditors under section 303(b), and nothing in the Answer contravenes this fact. Aside from the apparent admission regarding the fact that some amount is due each of the creditors, it is not contested that another three creditors are owed amounts in excess of the amounts required to commence this case. Moreover, since the involuntary petition was filed, Vopak Galena Park and BAIC have each filed and served an Affidavit of Custodian of Records (each a "Business Records Affidavit," and collectively the "Business Records Affidavits") attaching their respective invoices for amounts owed to them by OFL as of the Petition Date [Docket Nos. 9 and 7, respectively]. OFL also had notice of the amount of BAIC's claim by virtue of BAIC's Business Records Affidavit, which matches the amounts shown as owing on OFL's own Estimated Aged Payables as of February 1, 2010 (the "Aged Payables"), attached hereto as Exhibit A.

7. BAIC's claim against OFL is not subject to a bona fide dispute. Based on OFL's Aged Payables, OFL's books and records reflect a debt to BAIC in the amount of $69,416.00. This is the exact amount of the claim reflected in BAIC's invoices attached to BAIC's Business Records Affidavit [Docket No. 7].

8. Vopak Galena Park's claim is also not in dispute. As of the Petition Date, Vopak Galena Park's invoices reflected a debt of $1,194,858.71 owed by OFL [Docket No. 9]. As of February 1, 2010, OFL's books and records reflected a debt owed to "Vopak Logistics North" in

the amount of $1,484,574.57. *See* Exhibit A. OFL claims that certain of its payments and credits have not been applied, Answer, ¶ 1, but its books and records show that it owes a larger debt than was originally claimed by Vopak Galena Park. Therefore, Vopak Galena Park's claim should not be in dispute on the basis that certain of OFL's credits and payments have not been applied.

9.  In short, there is no material issue of fact raised by the Answer upon which a trial is needed, and entry of an Order for Relief on the Involuntary Petition is accordingly appropriate.

## **REQUEST FOR ENTRY OF AN ORDER FOR RELIEF**

10.  The Petitioning Creditors request that the Court enter an Order for Relief on its Involuntary Petition against OFL and commence OFL's chapter 7 case. The Petitioning Creditors have met the requirements under section 303(b) for the proper commencement of an involuntary case because there are at least three (3) petitioning creditors, "each of which is either a holder of a claim against [the alleged debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . . ." 11 U.S.C. § 303(b)(1).

11.  Furthermore, section 303(h) provides:

> **(h)** If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if–
>  **(1)** the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount . . . .

11 U.S.C. § 303(h).

12.  OFL did not controvert the Involuntary Petition because it admitted that at least three (3) of the Petitioning Creditors were eligible to bring the Involuntary Petition, that OFL is a

person against whom an order for relief may be entered under title 11 of the United States Code, and that OFL is generally not paying its debts as they become due. Answer, ¶¶ 1-3.

13. The Petitioning Creditors have satisfied their burden of proof that the Involuntary Petition be granted. OFL's Answer makes plain the claims of Vopak Galena Park and BAIC are not in material dispute. Moreover, the claims of the three remaining Petitioning Creditors, Vopak Deer Park, Neal, and Tankco, are undisputed and aggregate at least $13,475 as required by section 303(b)(1) of the Bankruptcy Code. The Petitioning Creditors have proven the amounts of their claims by filing their respective Business Records Affidavits and attaching their respective invoices for amounts owed to each of them by OFL [Docket Nos. 6, 7, 8, 9, and 10], and OFL has admitted the amounts owed to the Petitioning Creditors and others by providing its Aged Payables. *See* Exhibit A.

14. In addition, OFL has admitted that it is not paying its debts as such debts become due, which is one of the bases for relief under section 303(h) of the Bankruptcy Code. *See* Answer, ¶ 3. In fact, two additional creditors of OFL have filed Proofs of Claim in this case. Harris County filed Proof of Claim No. 1 for unpaid ad valorem taxes in the amount of $223,896.16 owed by OFL for the 2009 tax year. BNSF Railway filed Proof of Claim No. 2 for $104,669.19 in shipping charges owed to it by OFL. This is further evidence of OFL's inability to pay its debts as they become due.

15. Therefore, no material fact is at issue regarding the requirements for entry of an Order for Relief under section 303 of the Bankruptcy Code. As such, the Court should enter the Order for Relief against OFL and commence the chapter 7 case. A form of order for the Order for Relief is attached hereto as Exhibit B.

WHEREFORE, the Petitioning Creditors respectfully request that the Court: (i) enter an Order for Relief; and (ii) grant such other and further relief as is equitable and just.

Dated: March 5, 2010

Respectfully submitted,

**HAYNES AND BOONE, LLP**

　　/s/ Patrick L. Hughes\_\_\_\_
Patrick L. Hughes
Texas Bar No. 10227300
Francisco Rivero
Texas Bar No. 24046725
Kelli M. Stephenson
Texas Bar No. 24070678
1221 McKinney, Suite 2100
Houston, Texas  77010
Telephone (713) 547-2000
Facsimile (713) 547-2600

COUNSEL FOR PETITIONING CREDITORS