IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No.  10-30778 |
| | § | |
| **ORGANIC FUELS LTD,** | § | |
| | § | (Chapter 11) |
| Debtor. | § | |

**ORDER GRANTING VOPAK GALENA PARK, INC.'S MOTION TO COMPEL DEBTOR TO IMMEDIATELY PERFORM LEASE OBLIGATIONS OR CONVERT THE CASE TO CHAPTER 7**

The Court has considered the *Motion to Compel Debtor to Immediately Perform Lease Obligations or Convert the Case to Chapter 7* (the "Motion") filed by Vopak Galena Park, Inc. ("Vopak").[1]  The Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested in the Motion is in the best interests of Organic Fuels, Ltd. (the "Debtor" or "OFL") and its estate and creditors, (d) proper and adequate notice of the Motion and hearing thereon has been given under the circumstances and that no other or further notice is necessary, and (e) good and sufficient cause exists for granting the relief requested in the Motion, after due deliberation upon the Motion and all proceedings before the Court in connection with the Motion. The Court finds and determines that there are several agreements between Vopak and OFL, and that these agreements remain in default and that there are accruing post petition payments and obligations which are accruing under the terms of the agreements.  The Court further finds and determines that the accruing post bankruptcy obligations due and accruing under the agreements are not being performed, and that this is a violation of the duties upon which the Debtor is required to perform under Local Rule 4002, as a debtor in possession. Therefore,

---

[1]  All otherwise undefined terms have the meanings ascribed in the Motion.

IT IS HEREBY ORDERED THAT:

1.      The Vopak Motion is **GRANTED** as set forth herein.

2.      The Debtor is **ORDERED** to immediately and timely perform its contractual and lease obligations to Vopak arising from and after the date the Order for Relief was signed, including immediate payment of monies due to Vopak for the period beginning on March 9, 2010 and thereafter.

3.      The Debtor is **ORDERED** to continue to timely perform all of its post bankruptcy contractual obligations until such time as the Debtor assumes or rejects its agreements with Vopak.

4.      If the Debtor does not immediately perform all of its post petition obligations to Vopak, including payments due thereon, then the Debtor's chapter 11 case is converted to a case under chapter 7.

Dated:  _____

_____
**UNITED STATES BANKRUPTCY JUDGE**